# Exhibit A

SUM-100

# SUMMONS - FIRST AMENDED COMPLAINT
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

KAWEAH DELTA MEDICAL CENTER Operated by KAWEAH DELTA HEALTH CARE DISTRICT, GREGORY WARNER MD, and DOES 1 - 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JUANA B. MARTINEZ as an individual and as Successor-in-interest to the ESTATE OF DIONICIO SANTILLAN, LUISA PATCHER, and MARIA E. SANTILLAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of California, Tulare Civil Division, 221 S. Mooney Blvd, Room 201
Tulare, CA 93291

**CASE NUMBER:**
**(Número del Caso):** VCU279163

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Jeremy M. Dobbins, 1225 E. Divisadero Street Fresno, CA 93721, and (559) 306-6580

DATE: August 7, 2019    Clerk, Stephanie Cameron    , Deputy
(Fecha)                 (Secretario)                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☒ as the person sued under the fictitious name of (specify): DOE 1
3. ☐ on behalf of (specify): Niraj M. Patel, MD

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeremy M. Dobbins SBN 320648<br>1225 E. Divisadero Street<br>Fresno, CA 93721<br>TELEPHONE NO.: (559) 306-6580  FAX NO.: (559) 316-4070<br>ATTORNEY FOR (Name): Estate Of Dionicio Santillan et. al. | FILED<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>JUN 24 2019<br><br>STEPHANIE CAMERON, CLERK<br>BY _____ |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Tulare<br>STREET ADDRESS: 221 S. Mooney Blvd, Room 201<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Tulare and 93291<br>BRANCH NAME: Civil Division | |
| CASE NAME:<br>Familia Santillan v. Kaweah Delta | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 279163<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☑ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2: Medical Negligence & NIED
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 24, 2019
Jeremy M. Dobbins
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeremy M. Dobbins SBN 320648<br>1225 E. Divisadero Street<br>Fresno, CA 93721<br>TELEPHONE NO: (559) 306-6580  FAX NO. (Optional): (559) 316-4070<br>E-MAIL ADDRESS (Optional): jeremy@jeremymdobbins.com<br>ATTORNEY FOR (Name): Estate of Dionicio Santillan, Juana B. Martinez, Luisa Patgher, Maria E. Santillan | FILED<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br>AUG 07 2019<br>STEPHANIE CAMERON, CLERK<br>Nicole Renteria |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Tulare
STREET ADDRESS: 221 S. Mooney Blvd. Room 201
MAILING ADDRESS:
CITY AND ZIP CODE: Tulare and 93291
BRANCH NAME: Civil Division

PLAINTIFF: JUANA B. MARTINEZ as an individual and as Successor-in-interest to the ESTATE OF DIONICIO SANTILLAN, LUISA PATGHER, and MARIA E. SANTILLAN

DEFENDANT: KAWEAH DELTA MEDICAL CENTER Operated by KAWEAH DELTA HEALTH CARE DISTRICT, GREGORY WARNER MD

[✓] DOES 1 TO 10

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[✓] AMENDED (Number): FIRST AMENDED COMPLAINT

Type (check all that apply):
[ ] MOTOR VEHICLE  [✓] OTHER (specify): Medical Negligence
[ ] Property Damage  [X] Wrongful Death
[ ] Personal Injury  [ ] Other Damages (specify):

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | VCU279163 |

1. Plaintiff (name or names): JUANA B. MARTINEZ as an individual and as Successor-in-interest to the ESTATE OF DIONICIO SANTILLAN, LUISA PATGHER, and MARIA E. SANTILLAN
2. alleges causes of action against defendant (name or names):
Kaweah Delta Medical Center, Operated by Kaweah Delta Health Care District, Gregory Warner MD, DOES 1 to 10
3. This pleading, including attachments and exhibits, consists of the following number of pages: 7
4. Each plaintiff named above is a competent adult

a. [ ] except plaintiff (name):
  (1) [ ] a corporation qualified to do business in California
  (2) [ ] an unincorporated entity (describe):
  (3) [ ] a public entity (describe):
  (4) [ ] a minor [ ] an adult
    (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
    (b) [ ] other (specify):
  (5) [ ] other (specify):

b. [ ] except plaintiff (name):
  (1) [ ] a corporation qualified to do business in California
  (2) [ ] an unincorporated entity (describe):
  (3) [ ] a public entity (describe):
  (4) [ ] a minor [ ] an adult
    (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
    (b) [ ] other (specify):
  (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Familia Santillan v. Kaweah Delta | CASE NUMBER: VCU279163 |
|---|---|

4. ☐ Plaintiff *(name)*:

   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   
   a. ☑ except defendant *(name)*: Kaweah Delta Medical Center ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ unincorporated entity *(describe)*:
   - (4) ☒ a public entity *(describe)*: Operated by Kaweah Delta Health Care District a Political Subdivision of the State of California
   - (5) ☐ other *(specify)*:

   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   b. ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   
   a. ☑ Doe defendants *(specify Doe numbers)*: 1 - 5 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   
   b. ☑ Doe defendants *(specify Doe numbers)*: 6 - 10 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☑ Plaintiff is required to comply with a claims statute, and
   a. ☑ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001 [Rev January 1, 2007]    COMPLAINT—Personal Injury, Property Damage, Wrongful Death    Page 2 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Familia Santillan v. Kaweah Delta | VCU279163 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☑ Other *(specify)*:

    Medical Negligence & Negligent Infliction of Emotional Distress

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☐ other damage *(specify)*:

12. ☑ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☑ as follows:

    Dionicio Santillan - Decedent
    Juana B. Santillan - Mother of Decedent and Survivor-in-Interest
    Maria E. Santillan - Sister of Decedent
    Luisa Patgher - Sister of Decedent

13. The relief sought in this complaint is within the jurisdiction of this court.

    Superior Court of California, Tulare Civil Division

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: August 7, 2019

Jeremy M. Dobbins

(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]         COMPLAINT—Personal Injury, Property         Page 2 of 3
                                          Damage, Wrongful Death

PLD-PI-001(2)

| SHORT TITLE: Familia Santillan v. Kaweah Delta | CASE NUMBER: VCU279163 |
|---|---|

1    **CAUSE OF ACTION—General Negligence**    Page 4
(number)   **(Estate Of Dionicio Santillan v. All Defendants)**

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Juana B. Martinez as an individual and as the Successor-in-interest to the Estate Of Dionicio Santillan, Luisa Patgher, and Maria E. Santillan

alleges that defendant *(name)*: Kaweah Delta Medical Center, Operated by Kaweah Delta Health Care District, Gregory Warner MD

[✓] Does 1 to 10

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: April 14, 2018 - Negligence was discovered after 9/26/2018.
at *(place)*: Kaweah Delta Medical Center, 400 W. Mineral King Ave, Visalia, CA 93291

*(description of reasons for liability)*: This cause of action incorporates the foregoing allegations in this complaint.

On or about April 14, 2018, Dionicio Santillan coded at Kaweah Delta Medical Center (KDMC) and died of respiratory failure. Mr. Santillan was in respiratory distress for at least 24 hours. Despite numerous requests by his family for him to have his asthma inhaler, staff erroneously ignored those requests, informing family that Mr. Santillan was in fact not in respiratory distress but instead had anxiety. Staff told family that his breathing was part of his "disease process."

Staff told family that they were treating Mr. Santillan with Ativan for his anxiety. This was an error and lack of skill, training, and/or assessment by the Hospital staff, Nursing staff, and treating physicians. This error was not discovered until after Mr. Santillan coded but never revealed to family.

Mr. Santillan suffered greatly for at least 24 hours before his death because he did not receive his inhaler or other measures to help him breathe. In the end he was gasping for air and staff initiated Code Blue measures. This included chest compressions, electro-cardioversion, intubation, and emergency medications causing him additional pain and suffering as a result of not pro-actively managing plaintiff's respiratory needs.

On or about September 26, 2018 the California Department of Public Health completed an investigation survey and sent notice to Mr. Santillan's family notifying them that they found hospital staff to be deficient in planning and implementing care and in administering asthma medications to Mr. Santillan.

As an actual and proximate cause of defendants breach of their duty to provide medical and nursing care at the applicable standard, plaintiff suffered substantial damages. Plaintiff was forced to endure physical, mental, emotional pain and suffering, and subsequently death because of the defendants negligence in an amount to be proved at trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

*(This Attachment may be used with any Judicial Council form.)*

| | | MC-025 |
|---|---|---|
| SHORT TITLE: Familia Santillan v. Kaweah Delta | | CASE NUMBER: VCU279163 |

ATTACHMENT *(Number):* ___1___

Plaintiff is informed and believes that KDMC, directly and vicariously through its staff, breached the applicable standard of care, with which it was duty-bound to comply, and caused decedent's injuries as a result of the following: KDMC failed to take adequate precautions to assure that the plaintiff would not enter severe, damaging, and deadly respiratory distress, and the staff of KDMC were also negligent during the administration of care (or lack of) in assessing, monitoring, reporting, preventing, and treating his respiratory distress and failure.

Plaintiff is informed and believes that Dr. Warner, directly and vicariously through his staff, breached the applicable standard of care, with which he was duty-bound to comply, and caused decedent's injuries as a result of the following: Dr. Warner failed to take adequate precautions to assure that the plaintiff would not enter severe, damaging, and deadly respiratory distress, and the staff of Dr. Warner also were negligent during the administration of care (or lack of) in assessing, monitoring, reporting, preventing, and treating his respiratory distress and failure.

Plaintiff is informed and believes that DOES 1-10 breached the applicable standard of care, with which they were duty-bound to comply, and caused decedent's injuries as a result of the following: DOES 1-10 were the agents or employees of the other named defendants, or provided negligent health care in concert with the named defendants that contributed to the plaintiff's damages. These fictitious defendants will be named in their true identifies timely upon the disclosure thereof.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __5__ of __7__
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

| SHORT TITLE: Familia Santillan v. Kaweah Delta | CASE NUMBER: VCU279163 |
|---|---|

**CAUSE OF ACTION — Negligent Infliction of Emotional Distress**

2 (number) — (Juana B. Santillan, Maria E. Santillan, Luisa Patgher v. All Defendants) Page 6

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Juana B. Martinez as an individual and as the Successor-in-interest to the Estate Of Dionicio Santillan, Luisa Patgher, and Maria E. Santillan

alleges that defendant *(name):* Kaweah Delta Medical Center, Operated by Kaweah Delta Health Care District, Gregory Warner MD

☑ Does 1 to 10

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):* April 14, 2018 - - Negligence was discovered after 9/26/2018
at *(place):* Kaweah Delta Medical Center, 400 W. Mineral King Ave, Visalia, CA 93291

*(description of reasons for liability):*

This cause of action incorporates the foregoing allegations in this complaint.

On or about April 14, 2018, Dionicio Santillan coded at KDMC and died.

Mr. Santillan was in respiratory distress for approximately 24 hours. Despite numerous requests by his family for him to have his asthma medications, staff erroneously ignored those requests and informed family that Mr. Santillan was in fact not in respiratory distress but instead had anxiety. They were erroneously told by staff that his breathing was part of his disease process.

Staff told family that they were treating Mr. Santillan with Ativan for his anxiety. This was an error and lack of skill, training, and/or assessment by the Hospital staff, Nursing staff, and treating physicians. This error was not discovered until after Mr. Santillan coded and never revealed to his family.

Plaintiff's Juana B. Martinez (Dionicio's mother), Luisa Patgher (Dionicio's Sister), and Maria E. Santillan (Dionicio's Sister) were forced to watch Mr. Santillan gasping for air, collapse in his sister Maria's arms, and then watch staff emergently administer chest compressions, electrocardioversion, and intubation, as they "Coded" him. Family then sat outside his room weeping and in shock as his last moments on earth were unnecessarily spent in agony.

As an actual and proximate cause of defendants' breach of their duty to provide medical and nursing care at the applicable standard, plaintiff's suffered substantial damages. Defendant's reckless below standard care caused plaintiffs to witness their son and brothers' horrible death.

Plaintiff's experienced suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame because of the defendants negligence in an amount to be proved at trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION—General Negligence

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

MC-025

| SHORT TITLE: Familia Santillan v. Kaweah Delta | CASE NUMBER: VCU279163 |
|---|---|

ATTACHMENT (Number): __2__

*(This Attachment may be used with any Judicial Council form.)*

Plaintiffs are informed and believe that Dr. Warner breached the applicable standard of care, with which he was duty-bound to comply, and was a substantial factor in causing plaintiff's to perceive the death of Decedent, Dionicio Santillan as a result of the following: Dr. Warner failed to assess and ensure that the decedent was provided with his asthma medication and other interventions to prevent and reverse his respiratory distress and failure. This caused Santillan to be "coded" in front of the plaintiffs who each suffered severe and serious emotional distress.

Plaintiff is informed and believes that KDMC, directly and vicariously through its staff, breached the applicable standard of care, with which it was duty-bound to comply, and was a substantial factor in causing plaintiffs to perceive the death of Decedent, Dionicio Santillan as a result of the following: KDMC failed to take adequate precautions to assure that the plaintiff would not enter severe, damaging, and deadly respiratory distress; and the staff of KDMC also was negligent during the administration of care (or lack of) in assessing, monitoring, reporting, and treating his respiratory distress and failure. This caused Santillan to be "coded" in front of plaintiffs who each suffered severe and serious emotional distress.

Plaintiff is informed and believes that DOES 1-10 breached the applicable standard of care, with which they were duty-bound to comply, and were a substantial factor in causing plaintiffs to perceive the death of Decedent, Dionicio Santillan as a result of the following: DOES 1-10 were the agents or employees of the other named defendants, or provided negligent health care in concert with the named defendants that contributed to the plaintiff's damages. These fictitious defendants will be named in their true identifies timely upon the disclosure thereof. This caused Santillan to be "coded" in front of the plaintiffs who each suffered severe and serious emotional distress.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 7
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

ATTACHMENT
to Judicial Council Form

www.courtinfo.ca.gov

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: Jeremy M. Dobbins<br>Law Office of Jeremy M. Dobbins<br>1225 E. Divisadero Street<br>Fresno, CA 93721<br>Telephone: (559)306-6580  Facsimile: (559)316-4070 | STATE BAR NUMBER 320648 | Reserved for Clerk's File Stamp<br><br>FILED<br>TULARE COUNTY SUPERIOR COURT<br>VISALIA DIVISION<br><br>JUN 21 2021<br><br>STEPHANIE CAMERON, CLERK<br>BY:  Mark Dimas |
|---|---|---|
| ATTORNEY FOR (Name): Dionicio Santillan | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE | | |
| COURTHOUSE ADDRESS:<br>221 South Mooney Boulevard, Visalia, CA 93291 | | |
| PLAINTIFF:<br>Juana B. Martinez et al. | | |
| DEFENDANT:<br>Kaweah Delta Medical Center et al. | | |
| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | | CASE NUMBER:<br>VCU279163 |

## ☑ FICTITIOUS NAME (No order required)

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:
TRUE NAME
Niraj Patel MD

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| June 18, 2021 | Jeremy M. Dobbins | [signature] |

## ☐ INCORRECT NAME (Order required)

The plaintiff, having designated a defendant in the complaint by the incorrect name of:
INCORRECT NAME

and having discovered the true name of the defendant to be:
TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____            _____
Dated                              Judicial Officer

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)
Code Civ. Proc., §§ 471.5, 472, 473, 474

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF TULARE

# Case Detail Page

**VCU279163**
Martinez, Juana B vs. Kaweah Delta Health Care, Inc. et al
Civil: Unlimited-Visalia

Summary | Filings | Parties | **Documents** | Events

## Documents

### Documents

| Filed | Description | Filed By | Tracking Info |
|---|---|---|---|
| | VCU279163 : Martinez, Juana B vs. Kaweah Delta Health Care, Inc. et al | | |
| | Complaint - PI/PD/WD Tort: Medical Malpractice (45) filed on 06/24/2019 | | |
| 07/30/2021 | Stipulation to Vacate Trial and Related Dates; Setting of New CMC Date Granted | Plaintiff | |
| 07/23/2021 | Notice - Other Of State Court Pursuant to 42 U.S.C 233 (1)(1) | Defendant | Served on 07/23/2021 |
| 07/22/2021 | Notice of Entry of Dismissal and Proof of Service (CIV-120) | Defendant | |
| 07/14/2021 | Settlement Conference Statement - Received Only (Confidential) | Plaintiff | |
| 07/12/2021 | Settlement Conference Statement - Received Only (Confidential) | Defendant | |
| 07/06/2021 | Notice of Hearing New Court Date | Clerk | |
| 06/21/2021 | Amendment to Complaint; Naming DOE 1 | Plaintiff | |

| Filed | Description | Filed By | Tracking Info |
|---|---|---|---|
| 06/21/2021 | Request for Dismissal (CIV-110) Without prejudice, as to Gregory Warner MD ONLY, each party to bear their own costs and fees | Plaintiff | |
| 06/04/2021 | Request for Dismissal (CIV-110) as to Gregory Warner MD. Only ** | Plaintiff | |
| 03/11/2021 | Order petition for writ of mandate. Denied | Court of Appeals | |
| 09/23/2020 | Deposit of Fees | Clerk | |
| 09/23/2020 | Document Other Jury Fee Deposit obo Gregory Warner, M.D. | Defendant | |
| 09/21/2020 | Mediation Referral | Clerk | |
| 09/08/2020 | Case Management Statement (CM-110) | Plaintiff | |
| 09/04/2020 | Case Management Statement (CM-110) Warner, Gregory MD | Defendant | |
| 09/03/2020 | Case Management Statement (CM-110) Kaweah Delta Health Care, Inc. | Defendant | |
| 08/25/2020 | Courtesy Copy of Petition for Writ of Mandate and/or Prohibition filed with the Court of Appeal | Petitioner | Received on 08/25/2020 |
| 08/12/2020 | Order On Def Mtn for Summary Judgement or The Alter | Plaintiff | |
| 07/30/2020 | Declaration of Service by Mail | Clerk | |
| 07/27/2020 | Reply brief to opposition to MSJ | Defendant | |
| 07/27/2020 | Response to undisputed material facts in opposition to MSJ | Defendant | |
| 07/17/2020 | Stipulation and Order to Cont Trial - Granted | Defendant | |

| Filed | Description | Filed By | Tracking Info |
|---|---|---|---|
| 07/17/2020 | Statement of Evidence in support of opposition | Plaintiff | |
| 07/17/2020 | Statement - Separate Statement in opposition to def. statement of undisputed material facts | Plaintiff | |
| 07/17/2020 | Statement of Undisputed Facts in support of its opposition to the def. motion for summary judgment or in the alternative summary adjudication | Plaintiff | |
| 07/17/2020 | Request for Judicial Notice in support of opposition to the defendants motion for summary judgment or in the alternative summary adjudication | Plaintiff | |
| 07/17/2020 | Document Other Evidentiary objection to Declaration of Ware Kuschner MD | Plaintiff | |
| 07/17/2020 | Memorandum of Points and Authorities in support of Opposition to defendants motion for summary judgment | Plaintiff | |
| 05/07/2020 | Statement of Evidence in Support of Motion for Summary Judgment/Adjudication | Defendant | |
| 05/07/2020 | Statement of Undisputed Facts in Support of Summary Judgment/Adjudication | Defendant | |
| 05/07/2020 | Memorandum of Points and Authorities in Support of Motion for Summary Judgment/Adjudication | Defendant | |
| 05/07/2020 | Motion Summary Judgment/Adjudication and Notice of Motion | Defendant | |
| 05/07/2020 | Request for Judicial Notice Summary Judgment/Adjudication | Defendant | |
| 11/12/2019 | Answer To First Amended Complaint of Gregory Warner Md | Defendant | |
| 10/31/2019 | Declaration of Service by Mail | Clerk | |
| 10/24/2019 | Reply Defendant Gregory Warner, M.D.'S Reply | Defendant | |
| 10/24/2019 | Deposit of Fees | Clerk | |

| Filed | Description | Filed By | Tracking Info |
|---|---|---|---|
| 10/24/2019 | Notice - Other Deposit of Jury Fees | Plaintiff | |
| 10/16/2019 | Case Management Statement (CM-110) | Defendant | |
| 10/16/2019 | Memorandum of Points and Authorities | Plaintiff | |
| 10/16/2019 | Case Management Statement (CM-110) | Plaintiff | |
| 10/15/2019 | Case Management Statement (CM-110) obo Kaweah Delta Health Care Inc. dba Kaweah Delta Medical Center | Defendant | |
| 10/08/2019 | Declaration of Service by Mail | Clerk | |
| 10/07/2019 | Order Assignment Order for All Purposes | Clerk | |
| 10/02/2019 | Notice of Hearing New Court Date | Clerk | |
| 10/02/2019 | Peremptory Challenge (CCP 170.6) Accepted as to Judge Hillman | Plaintiff | |
| 09/18/2019 | Order Assignment Order for All Purposes | Clerk | |
| 09/18/2019 | Declaration of Service by Mail | Clerk | |
| 09/11/2019 | Declaration of Michael T. Haw in Support of Defendant Gregory Warner, M.D.'S Demurrer to Plaintiffs' First Amended Complaint | Defendant | |
| 09/11/2019 | Memorandum | Defendant | |
| 09/11/2019 | Demurrer Notice of Hearing on Demurrer and Demurrer to Plaintiffs' First Amended Complaint By Defendant Gregory Warner, M.D. | Defendant | |
| 09/04/2019 | Peremptory Challenge (CCP 170.6) Accepted | Defendant | |

| Filed | Description | Filed By | Tracking Info |
|---|---|---|---|
| 09/03/2019 | Deposit of Fees | Clerk | |
| 09/03/2019 | Notice - Other Jury fee deposit obo Kaweah Delta Health Care District | Defendant | |
| 09/03/2019 | Designation of Trial Attorney Kaweah Delta Health Care District | Defendant | |
| 09/03/2019 | Answer Kaweah Delta Health Care District | Defendant | |
| 08/20/2019 | Motion Other for Peremptory Challenge and Supporting Declaration of William M. White 170.6 Judge Reed REJECTED | Defendant | |
| 08/07/2019 | Paperwork Return Letter | Clerk | Mail on 08/07/2019 |
| 08/07/2019 | Complaint: Amended-First | Plaintiff | |
| 08/07/2019 | Summons (Issued) AMENDED | Clerk | |
| 08/01/2019 | Proof of Service served Gregory Warner, MD the S&C; ADR; Statement of Damages by SS | Plaintiff | Served on 07/22/2019 |
| 08/01/2019 | Proof of Service served Kaweah Delta Health Care, INC dba Kaweah Delta Medical Center the S&C; ADR; Statement of Damages; by SS | Plaintiff | Served on 07/22/2019 |
| 06/24/2019 | Declaration of Juana B Martinez as Successor in Interest | Plaintiff | |
| 06/24/2019 | Summons | Clerk | |
| 06/24/2019 | Complaint | Plaintiff | |
| 06/24/2019 | Civil Case Cover Sheet (CM-010) | Plaintiff | |

Copyright © Journal Technologies, USA. All rights reserved.