UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA B. MARTINEZ, et al., | Case No. 1:21-cv-01601-EPG |
| Plaintiffs, | ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS, SUBSTITUTE AND REMAND |
| v. | |
| KAWEAH DELTA MEDICAL CENTER, et al., | (ECF No. 3) |
| Defendants. | |

    Before the Court is a motion to substitute, dismiss, and remand (hereinafter motion to dismiss) filed by the United States (hereinafter Defendant unless otherwise designated) as the substituted party for Niraj M. Patel, MD.[1] (ECF No. 3). The parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes, including entry of final judgment. (ECF No. 11). The Court held a hearing on Defendant's motion to dismiss on December 10, 2021, taking the motion under advisement. (ECF No. 15). For the following reasons, the Court will grant Defendant's motion to dismiss and remand this case to state court.

\\\

\\\

---

[1] As noted below, the parties do not dispute that the United States should be substituted as the proper Defendant in place of Patel. Accordingly, the Court will direct the Clerk to reflect on the docket the United States as a Defendant and to terminate Patel as a Defendant.

**I.     BACKGROUND**

Defendant removed this action on November 2, 2021, from the Tulare County Superior Court. (ECF No. 1). The operative complaint generally alleges medical negligence by Defendants Kaweah Delta Medical Center, John Does, and Dr. Niraj M. Patel concerning Dionicio Santillan's treatment at Kaweah Delta Medical Center, where he ultimately died of respiratory failure. (ECF No. 1-1, p. 8, 12). Pertinent here, there is no dispute that Niraj M. Patel is an employee of the Public Health Service under 42 U.S.C. § 233(g). Further, there is no dispute that the United States is the proper Defendant in place of Patel and that this action must proceed as one pursuant to the Federal Tort Claims Act (FTCA). *See G.H. ex rel. Hernandez v. Sutter Davis Hosp.*, No. 2:15-CV-00813-MCE-KJ, 2015 WL 4078273, at *2 (E.D. Cal. July 6, 2015) (noting that, under § 233, action against various employees of a supported health center and grantee of the United States Department of Health and Human Services was properly considered a tort action against the United States, with the FTCA providing the exclusive remedy); (ECF No. 13, p. 3 – Plaintiffs' Opposition Brief ("On November 2, 2021, the United States Attorney's office removed this matter to the United States District Court, Eastern District of California, after a determination was made that Dr. Patel was acting in the capacity of a federal employee. This required the United States of America to be substituted into the action in lieu of Dr. Patel.")).

On November 3, 2021, Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that this action must be dismissed because Plaintiffs failed to satisfy the jurisdictional prerequisites under the FTCA because Plaintiffs failed to exhaust their administrative claims as of the date of removal. (ECF No. 3).

Plaintiffs filed an opposition on November 18, 2021, arguing that there is "no specific rule that addresses how the Administrative Claims process should be applied in a situation where an action is removed to federal court" and that the Court should exercise its inherent powers and "retain jurisdiction over the matter." (ECF No. 13, p. 6). Alternatively, Plaintiffs ask that the Court stay all proceedings until an administrative decision is reached regarding their FTCA claims. (*Id.*).

Defendant filed a reply on November 24, 2021, arguing that there is specific authority on

point that mandates that the Court dismiss this case. (ECF No. 14).

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss

Federal Rule of Procedure 12(b)(1) allows a party to raise in a motion to dismiss the defense of lack of subject-matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Id.*  "Where the jurisdictional issue is separable from the merits of the case," no presumption of truthfulness applies to the plaintiff's allegations and the plaintiff has the burden to prove that jurisdiction exists. *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B.     FTCA

The FTCA is a waiver of sovereign immunity that allows a private litigant to bring causes of action for state law torts against the United States and its employees acting in the scope of their employment. 28 U.S.C. § 1346(b). It is the exclusive remedy for damages arising out of the tortious actions of federal employees. 28 U.S.C. § 2679(b)(1). The FTCA provides that the United States shall be liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *United States v. Olson*, 546 U.S. 43, 46 ("[The FTCA] makes the United States liable 'in the same manner and to the same extent as a private individual under like circumstances.'") (emphasis and citation omitted); *United States v. Orleans*, 425 U.S. 807, 813 (1976) ("The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment.").

Administrative exhaustion is a jurisdictional requirement in order to bring a suit under the FTCA. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980); *Brady v. United States*, 211 F.3d 499 (9th Cir. 2000) (stating that a claimant under the FTCA must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). Specifically:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered

> mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady,* 211 F.3d at 502 (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992). "Federal jurisdiction under the FTCA is determined at the time of removal." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1246 (9th Cir. 2017). And a FTCA claim that is filed prematurely must be dismissed. *Id.* at 1245.

### III.     ANALYSIS

There is no dispute as to the material facts in this case regarding jurisdiction. Defendants argue, and Plaintiff's acknowledge, that Plaintiffs presented their administrative claims to the Department of Health and Human Services (HHS) in July 2021 and that, as of the time of removal in November 2021, the HHS had not ruled on the claims nor had six months elapsed.[2] (*See* ECF No. 3, p. 2; ECF No. 3-4; ECF No. 13, p. 3). The only issue is whether Plaintiffs have, as a matter of law, met their burden of proving that jurisdiction exists.

To meet their burden, Plaintiffs argue that no specific legal rule governs the exhaustion of administrative remedies when a state action is removed to federal court and this Court should exercise its inherent power to retain jurisdiction or stay the case until the HHS rules on Plaintiffs' claims. (ECF No. 13, pp. 5-6). Defendant counters that there is a specific rule that applies—exhaustion is determined at the time of removal of a state court action to federal court—and because the Plaintiff's claim had not been exhausted at the time of removal, this case must be dismissed. This Court agrees with Defendant.

Notably, the Ninth Circuit has determined that, because an FTCA action is instituted at time of removal, jurisdiction under § 2675(a) is determined at removal:

> It follows that the issue of federal court jurisdiction under section 2675(a) does not arise until after removal to district court, for only there does the action become one against the United States. . . . We hold, therefore, that jurisdiction under section 2675(a) is determined as of the date that the Attorney General removes the suit to

---

[2] As of the time of oral argument on December 10, 2021, the parties represented that the HHS had not yet ruled on Plaintiffs' claims.

> federal court, rather than the date the plaintiff files the action against the driver in state court.

*Staple v. United States*, 740 F.2d 766, 768 (9th Cir. 1984); *see D.L.*, 858 F.3d at 1247 (noting that removal of action from state court properly invoked the federal court's jurisdiction under the FTCA because, by that time, the plaintiff "had exhausted his administrative remedies") *cf. McNeil v. United States*, 508 U.S. 106, 112, 113 S. Ct. 1980, 1983, 124 L. Ed. 2d 21 (1993) ("In its statutory context, we think the normal interpretation of the word "institute" is synonymous with the words "begin" and "commence.") (discussing § 2675(a)).

Applying these legal standards to the present case, when this action was instituted, Plaintiffs had not exhausted their administrative remedies because the HHS had yet to rule on their claims; thus, this case must be dismissed. *See D.L.*, 858 F.3d at 1245.

The Court recognizes that Plaintiffs appear to make an equitable argument against dismissal, arguing that they "have diligently pursued their claim" and could not have anticipated and did not know of Patel's federal affiliation when litigating this case in state court. (ECF No. 13, p. 5). However, a court may not "proceed in the absence of fulfillment of the [FTCA's] conditions merely because dismissal would visit a harsh result upon the plaintiff." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Similarly, this Court is not free to stay the case until the HHS renders a decision because "Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process." *McNeil*, 508 U.S. at 112 (emphasis added).

In support of their position, at oral argument, Plaintiffs cited *D.L. by & through Junio v. Vassilev*. 858 F.3d 1242. However, the Court finds that case distinguishable. In *D.L.*, the Ninth Circuit concluded that the district court had erred in dismissing a FTCA claim on exhaustion grounds in a case that had been removed from state court. *Id.* at 1244. Importantly, however, the plaintiff had exhausted his administrative remedies before amending his complaint in state court and thus before it had been removed to federal court (for a second time). *Id.* at 1247 ("Similar to *Staple*, in this case, when the United States removed D.L.'s action for the second time, that removal properly 'invoked the federal court's jurisdiction under the FTCA' only after D.L. had

5

exhausted his administrative remedies."). Here, in contrast, it is undisputed that Plaintiffs had not exhausted their administrative remedies before removal.

Lastly, because dismissing Plaintiffs' claims against Defendant United States "extinguishes the only viable basis for federal jurisdiction, there is no reasonable basis for exercising jurisdiction over Plaintiffs' remaining state law claims against the other named defendants." *Medina v. United States*, No. 1:20-CV-01030-AWI-SKO, 2020 WL 6544497, at *2 (E.D. Cal. Nov. 6, 2020) (addressing dismissal of FTCA claims); *see Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)). Therefore, the Court will remand the remainder of this action to state court.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk is directed to terminate Niraj M. Patel as a Defendant on the docket and shall list the United States of America as a Defendant.
2. Defendants' motion to substitute, dismiss, and remand (ECF No. 3) is granted and Plaintiffs' claims against the United States are dismissed without prejudice; and
3. The Clerk shall remand the remainder of this action to the Tulare County Superior Court and close this case.

IT IS SO ORDERED.

Dated:   **December 27, 2021**                        /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE